## Case No. 1,187.

### BEARDSLEY v. SWANN.

[4 McLean, 333.][1]

Circuit Court, D. Ohio. Nov. Term, 1847.

NEGLIGENCE—DANGEROUS PREMISES—EXCAVATION IN SIDEWALK—DAMAGES.

1. In the use of his own property, a man must be careful not to injure his neighbor.

2. An excavation of the sidewalk, opposite his own house, for a vault, being authorized, provided he kept it covered, but being left uncovered, the plaintiff at night fell into it, and was injured—*held*, that the defendant was responsible.

3. To sustain the action, the plaintiff must show that he used ordinary caution, and that the defendant was negligent.

4. In estimating the damages, the jury will consider the injury done, the pain endured, the time lost, and the expense incurred.

At law.

Ewing & Stanbery, for plaintiff.
Swayne & Andrews, for defendant.

OPINION OF THE COURT. This action was brought to recover damages from the defendant, for an injury suffered by the plaintiff, in falling into the defendant's cellar, which had been opened on a part of the sidewalk, and left carelessly, etc. It seems that A. Westwater, in April last, lived in Columbus, and about a quarter before nine o'clock in the evening, was walking along the street, and found the plaintiff down in the vault, which extended into the street from the defendant's house the width of the sidewalk. The depth was six or eight feet. Witness and another person helped him out. He complained that one of his arms was injured. There were no guards constructed around the excavation. A boy fell into it the evening after the plaintiff fell in. It was a moonlight night, but any person walking on the sidewalk was liable to fall into the vault. It had not remained open long. There was timber on the street, from three to five feet from the curb stone. The vault extended to the curb stone. The plaintiff wore glasses, his sight being somewhat impaired by age. There was no danger of falling into the vault in the day time. Mr. Sparrow, a witness, says there was no protection to the side of the vault. Witness fell into it the evening before the plaintiff's accident. The plaintiff's left arm was injured; six months afterward it was deformed, and he could use it but little. An objection was made to any evidence

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

as to the suffering of the plaintiff from the injury. That it should be confined to time lost, expense incurred, and permanent disabuity. But the court overruled the objection, and said, that the bodily suffering was a part of the injury received, and should be considcred by the jury in making up their verdict. The Doctors Thompson attended the plaintiff as his physicians more than a month. The radius, or large bone, of the plaintiff's left arm was fractured, and the smaller bone dislocated. Several of the witnesses stated that the arm of the plaintiff is somewhat deformed, and that his wrist is enlarged and remains stiff.

By an ordinance of the city, dated July 25th, 1839, it is provided that one-third of the street may be occupied with building materials, provided, that the gutter and one-half oi the pavement or side walk, be left free and clear of all incumbrance. And by an ordinance of the 30th of June, 1834, it is declared that vaults may be dug under the side walk, but they must be covered.

This action, gentlemen, is founded upon the principle that no one shall use his own property in such a way as to injure his neighbor. The owner of a carriage must so drive it as not to come in contact with his neighbor's carriage or person. And there must be negligence on the part of the person of whom damages are claimed, and the plaintiff must not himself be in fault. If he contributed to the accident, from which the injury resulted, the law will give him no compensation. For where two individuals are equally in fault, or even where the defendant may be more in fault than the plaintiff, yet if the acts of the plaintiff influenced the injury, there can be no recovery. It seems that in the present case, the defendant had a right to extend his vault to the curb stone as he did, but he does not appear to have regarded that part of the ordinance which required him to keep it covered. And if, from this negligence, any one was injured, who used ordinary care in walking on the side walk or street, the defendant is responsible. The vault, it seems, was in no way protected, and that passers by in the night, were liable to fall into it. Several, it appears from the evidence, actually fell into the vault, but it is not known that any were injured except the plaintiff. The counsel in the defense charge carelessness on the plaintiff, and say, had he used the ordinary caution of persons walking at night, he could not have fallen into the vault. There is no particular evidence showing the carelessness of the plaintiff, unless it be inferable, from the fact that he did fall into it. And this inference, it would seem, from the evidence, can not be drawn in the present case. Other persons had the same misfortune to fall into the vault. And the witnesses say, that any one passing on the sidewalk at all, would be liable to the accident. The inquiry is not whether the plaintiff, by the use of extreme caution, might not have avoided the vault. Who could presume that he threw himself into it, in order to sue the defendant and recover damages? This would be so strange a course of action, as not to be a matter of presumption, unless the evidence prove facts which render it probable. The amount of damages must depend upon the exercise of your judgments, on the facts. Neither this nor any other case of contract or of tort, is a matter for the exercise of the mere discretion of the jury. The amount of the injury received, the pain endured, the expense incurred, and the negligence of the defendant, are matters for your deliberation and decision. And every one of the items named will increase or reduce the damages, as you may believe to be just and proper under the circumstances.

The jury found for the plaintiff —— damages. Judgment.